HARMON *et al. v.* Cox *et al.*

[84 South. 183. In Banc. No. 21033.]

1. EVIDENCE. *Title to swamp lands is provable only by authenticated record of sales.*

The authenticated report of sales of swamp lands made by board of police under Laws 1857, chapter 18, is the only competent evidence to show passing of title to purchaser.

2. EVIDENCE. *Stub in swamp land commissioner's book insufficient to show title in purchaser.*
   The stub in the swamp land commissioner's book is insufficient to show title in purchaser, especially since the act prescribes the exclusive method of proving title by authenticated record.

APPEAL from chancery court of Harrison county.
HON. W. M. DENNY, JR., Chancellor.

Suit for confirmation of title by N. B. Harmon and others against M. C. Cox and the Dantzler Lumber Company, with cross-bill by the company against complainants. Bill and cross-bill dismissed and complainants and defendant Dantzler Lumber Company appeal. Decree dismissing complainants' bill affirmed and that dismissing the cross-bill reversed, and cause remanded.

*White & Ford,* for appellant.

*E. J. Bowers* and *J. C. Ross,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellants, Harmon and others, started this suit by a bill in chancery to confirm their title to certain lands in Harrison county, Miss. The defendants in the bill, Mrs. Cox and the Dantzler Lumber Company, answered, and the Dantzler Lumber Lumber Company made its answer a cross-bill, asking that its title be confirmed to the land involved. The cross-bill, however, was only against the complainants, Harmon and others, and not against the appellee Cox. Upon a final hearing of the cause the bill of the complainants, Harmon and others, and the cross-bill of Dantzler Lumber Company, were dismissed, from which decree Harmon et al and the Dantzler Lumber Company appeal.

The complainants, Harmon and others, claim title through William Barnes, who claimed title under a swamp land commissioner's sale by the board of police

of Harrison county on May 22, 1860, under a state act of March, 1857 (Laws 1857, chapter 18), donating swamp lands in and to certain counties and providing for the disposition of such lands to purchasers. In making the proof of the conveyance by the swamp land commissioner to William Barnes, complainants Harmon et al. offered in evidence the stub of the swamp land commissioner's book, which is in the following words and figures, to wit:

No. 94.

To William Barnes.

W ½ of NW. ¼ of Sec. 11 &

NW ¼ of SW ¼ 11 T. 7

S. R. 11 West

   120

Acres, at the rate of $0.05

per acre, amounting to the

sum of $6.00

   May 22d 1860.

The introduction of this stub was objected to on the ground that it was of no probative value in establishing title in William Barnes. The appellants Harmon and others contend that the stub introduced is competent and sufficient evidence showing the land mentioned in the stub was conveyed to Barnes. The decisive inquiry is whether or not the introduction of the stub showing the sale is sufficient to divest title out of the state. If this link in the appellants' chain of title fails, then the decree dismissing their bill was correct, because the burden of showing paramount title was upon them.

Under chapter 18, Laws of Mississippi 1857, regarding the disposition of swamp lands in Harrison county, we find the following provision:

"Sec. 5. Be it further enacted, that at least twice in each year the said board of police shall meet at the courthouse in said county, and at such meeting each member of said board shall make full report to said

board of police of all sales made by him and of all entries of land made in his district, and to whom such sales were made, and by whom such entries were made, and such report shall be filed in the probate clerk's office, and shall be recorded on the minutes of the board of police and a copy of such report, duly authenticated, shall be evidence of the matters therein contained in any court of law or equity in this state."

It seems clear to us that the report of all sales made by the board of police were to be filed in the probate clerk's office and there recorded, and a copy of such report, duly authenticated, was made the only competent evidence of such sales to be used in any court in the state.

The act itself, prescribing the manner and method of proving title under such sales, we think, should have been followed in this case. The stub introduced, even in the absence of the requirement of an authenticated report, would at best be only weak evidence that the title passed from the state to Barnes. But we feel safe in concluding that the stub evidence was insufficient to pass title in view of the provision of the act that the evidence of title under such sales shall be the authenticated report made by the board filed in the clerk's office. Therefore the complainants, Harmon and others, failed to establish their title to the land in question, and the bill was properly dismissed by the chancellor.

As to the appellant Dantzler Lumber Company, who were cross-complainants below, we must reverse and remand the cause. The cross-relief was not prayed for nor obtained against the appellee Cox but the cross-bill only asked for affirmative relief against the appellants Harmon et al. The relief prayed for by Harmon et al. having been denied, it may be that the purpose of the cross-bill has been accomplished. At all events, the relief prayed for by Dantzler Lumber Company in the

cross-bill cannot be granted against the appellee Cox, because she was not made a party defendant in the lower court.

The decree of the lower court, dismissing the bill of appellants Harmon and others, is affirmed. The decree dismissing the cross-bill of Dantzler Lumber Company is reversed, and the cause remanded for further proceedings.

*Affirmed in part; reversed in part.*